FILOMENA SANCHIRICO *vs.* VINCENZO DI SANTO.

FEBRUARY 20, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is a suit in equity to compel specific performance by the respondent of a certain agreement between him and the complainant. Thereby, according to the allegations of her bill, it was agreed that he would convey to her, for the sum of $4650, certain described real estate covered by an agreement between him as vendee and the Home Owners' Loan Corporation, hereinafter called the H. O. L. C., as vendor, for the sale and conveyance of such real estate.

In this bill it is also alleged, in substance and effect, that according to the aforesaid agreement, between the complainant and the respondent, the conveyance from him to her would be made as soon as he had received a deed of such real estate from the H. O. L. C. and would be subject to a purchase-money mortgage, to be made by the respondent to the H. O. L. C. and to be paid in monthly installments; and that the consideration from the complainant for such conveyance by the respondent would be the sum of $4650, as follows: $150 paid by her at the time of the making of this agreement between them, the assumption by her of the aforesaid mortgage and of the payment of the sum secured thereby, and the payment by her to him, upon the delivery of the deed, of the difference between $4500 and the sum secured by such mortgage.

It is further alleged in the bill of complaint that for the above-mentioned sum of $150 the respondent gave to the complainant a written receipt dated "Providence, R. I., December 1, 1939" and signed by the respondent, and the body of which reads as follows:

> "I have received from Filomena Sanchirico of Providence the sum of One Hundred Fifty Dollars ($150.00) on account of the purchase price of a dwelling house lo-

cated at No. 422 Broadway, Providence, Rhode Island. The purchase price to be Forty Six Hundred and Fifty Dollars ($4650.00).

"The purchaser agrees to assume the mortgage on said property and the balance to be paid in cash at the time of the delivery of a Warranty deed."

In the bill of complaint certain supplementary and incidental relief is prayed for, but we need not concern ourselves with this phase of the cause.

The respondent filed an answer, in which he admitted the allegations of two of the paragraphs of the bill of complaint. These are the first, in which it is alleged that the respondent entered into an agreement with the H. O. L. C. and thereunder purchased the aforesaid real estate; and the fifth, in which it is alleged that on December 8, 1939, the respondent obtained title to this real estate by a proper deed of conveyance from the H. O. L. C. and gave to that corporation a mortgage on that real estate for the sum of $4050. The allegations of the other paragraphs of the bill he either denied or else neither admitted nor denied and put the complainant upon the proof thereof.

By way of further answer, and also by way of a cross-bill, in which he brought in, as parties respondent thereto, Gennaro Onorato and Isotta Onorato, husband and wife, he alleged that the above agreement was indefinite, uncertain and incomplete, and therefore not susceptible of enforcement. The statute of frauds was not brought into the cause in any way.

The only other allegations in this part of the answer that were seriously relied on at the hearing on the merits of the cause were that the performance of the alleged agreement depended on the consent or approval of the H. O. L. C., which, at the time of this agreement, owned this real estate and at the time of the filing of this answer held a mortgage

covering such real estate, and that it withheld such consent or approval; that performance of the alleged agreement would expose the complainant and respondent to prosecution by the federal authorities; that the complainant and the Onoratos had conspired together against the H. O. L. C. to get the property from the H. O. L. C. for the Onoratos; and that the H. O. L. C. might prosecute the respondent and the complainant and the Onoratos, should the alleged agreement between him and the complainant be performed.

At the conclusion of the hearing of the cause on its merits, in the superior court, the justice before whom it was heard rendered a decision, in which he made it clear that he was convinced that an agreement substantially as alleged in the bill of complaint had been proved; and that it was not indefinite, but was adequate, in view of the proven circumstances. In substance and effect he also found that the respondent refused to perform that agreement, not by reason of opposition by the H. O. L. C., but for some different reason or reasons not made clear by the respondent. He also found that no such conspiracy by the complainant and the Onoratos nor any such danger of prosecution by the H. O. L. C. or the federal authorities, as had been charged by the respondent, was proved; and after examining the evidence we cannot hold that these findings were against the evidence or the weight thereof.

On this decision a decree was entered, for specific performance of this agreement in accordance with its terms, and denying and dismissing the cross-bill. From this decree an appeal was taken by the respondent on the grounds that it was against the law and against the evidence and the weight thereof.

The following facts were shown by the evidence. Prior to November 20, 1936, Gennaro Onorato and his wife were the owners in fee of the real estate involved in this cause, which was one of five adjoining apartment houses, in one of the

others of which, two doors away, the respondent, at the time of the events directly involved in this cause, had his office as a physician. The Onoratos on the above date lived in one of the apartments in their house. They had executed a mortgage on this property of theirs to the H. O. L. C. for $8500.

For breach of the conditions of this mortgage and in exercise of the power of sale therein, the H. O. L. C., on November 20, 1936, sold this property at public auction and bought it in. The evidence does not show at what price it was bought in or whether or not the Onoratos or either of them, after the sale, remained indebted to the H. O. L. C. Thereafter and until the date of the conveyance, hereinafter described, from that corporation to the respondent, it managed the property through agents, collecting the rents and paying the taxes and other expenses. During this period the Onoratos continued to live in the apartment in which they had been living, but under a sublease from one of their relatives who had obtained a lease from the H. O. L. C.

On October 2, 1939, the respondent made, to the real estate broker who was in charge of the property for the H. O. L. C., an application to purchase this property from the H. O. L. C. for $4500. One week later the complainant, through her husband, made to the same broker an application to purchase the property from the H. O. L. C. for $4600. The assistant state manager of that corporation, who was called as a witness for the respondent, testified that, so far as he could ascertain, the latter application did not reach the office of the H. O. L. C. No evidence to the contrary was introduced. In each of these applications it was stated, in accordance with a printed form, that the applicant was not acting directly or indirectly for any person obligated to the H. O. L. C.

According to the complainant's testimony, she had learned that this property was for sale by the H. O. L. C. and that

it had belonged to the Onoratos, who were still living in one of the apartments in it. She had been asked by the wife whether they could continue to live there, if the complainant bought the property; and she had assured the wife that she saw no reason why they should not, if they paid the rent. She denied that she was trying to buy the property as agent for the Onoratos; and the evidence at the hearing of this cause was not such as to require, by a clear preponderance, a finding by the court that she was trying to buy it as such agent.

Not long afterwards she learned that the offer of the respondent had been accepted, although her offer had been for $100 more than his. She therefore, on November 9, 1939, brought a suit in equity against the H. O. L. C. and its broker to enjoin the making of any conveyance to the present respondent, and she obtained a restraining order against the former.

On the same day a formal agreement was entered into by and between the respondent in the instant cause and the H. O. L. C., by which it agreed to sell and he agreed to buy the real estate which is involved in this cause and was fully described in that agreement. It was provided therein that conveyance was to be made on or before November 14, 1939; and that the buyer was to pay for such conveyance the sum of $4500, of which $100 had already been paid and $350 was to be paid upon delivery of the deed, and the remainder was to be paid by the note of the buyer, payable, with interest, in installments extending over a period of fifteen years, and secured by a mortgage deed of the real estate by him to the H. O. L. C.

While the above-mentioned suit by the present complainant against the H. O. L. C. and its broker was pending in the superior court, and before any conveyance had been made under the above-described agreement between the H. O. L. C. and the present respondent, the complainant's counsel in

that suit, who is also her counsel in the instant cause and who was then quite friendly with the present respondent, had a conference with the latter to see if matters could not be adjusted between these parties on the friendly basis of the respondent carrying out his agreement with the H. O. L. C. and then conveying the property to her, on the same terms as those on which he would receive it.

The evidence at the hearing of the instant cause showed that in the course of the conference the respondent learned that the above-mentioned Gennaro Onorato had an interest in having the complainant acquire this property, where he and his wife were living; that the respondent then stated, in effect, that he had, some years before, loaned $150 to Onorato as a favor and the latter had never paid it back; that he, the respondent, would not sell the property to the complainant, unless he received from her, above what he was to pay, enough to repay him for the $150 which he had loaned to Onorato; but that he would sell it to her, if that condition was complied with.

The complainant's counsel submitted this proposition to her and she accepted it. Thereupon, at a conference on December 1, 1939, between the complainant's counsel and the respondent, the latter received the $150 from the complainant and executed the written receipt above quoted. An agreement was then made between the respondent and the complainant, as represented by her counsel, for the sale and conveyance to her of the property in question, the terms being in accordance with this receipt.

In consequence of this agreement the bill of complaint against the H. O. L. C. and its broker was withdrawn by the complainant; and on December 8, 1939 the above-described agreement between the H. O. L. C. and the present respondent was carried through. In view of the above-stated facts, shown by the evidence, the trial justice in the instant cause held that the agreement between the complainant and the

respondent was clear, precise and complete; and we find no sufficient reason for setting aside that finding.

The respondent testified at the hearing that this agreement was subject to the condition that the H. O. L. C. would consent to the conveyance of the property by the respondent to the complainant. But the complainant's counsel denied this in his testimony; and it was not supported by any other evidence. The respondent testified also that he asked the assistant state manager of the H. O. L. C. if it would consent to such a conveyance; that the latter said that he would have to refer the matter to his superiors in the organization; and that the respondent never received such consent. But this was not corroborated by the assistant state manager, though he was a witness for the respondent; nor was it otherwise corroborated.

The respondent admitted that he never told the complainant's counsel that the H. O. L. C. was not willing that he should sell the property to the complainant. Moreover, in answer to a letter which the complainant's counsel wrote to the respondent, insisting that the latter convey the property to the complainant in accordance with the agreement between them, the respondent, on December 26, 1939, sent the following answer over his own signature: "I would be very happy to close the transaction with Mrs. Sanchirico, but I inform you that the property has been attached for one thousand dollars. In my opinion this amount is too exaggerated. As soon as I can settle this matter I will call you and complete the transaction." This attachment was afterwards removed.

In view of this letter and other evidence in the cause, we are of the opinion that the finding which the trial justice made, in substance and effect, that the respondent refused to perform his agreement with the complainant without any legal or equitable justification was not clearly against the evidence or the weight thereof. Nor do we find any reason

for holding that the complainant had practised any fraud in this matter, or had done anything which should prevent her from enforcing the agreement between her and the respondent. It is clear from the decision of the trial justice that he was convinced that the agreement was substantially as alleged in the bill of complaint.

Therefore the decree for specific performance should, in our opinion, be affirmed, except that it should be modified so that it shall provide that by the terms of the deed of conveyance to be made by the respondent to the complainant, the complainant shall assume and agree to pay the indebtedness secured by the mortgage to the H. O. L. C. on the premises conveyed.

The respondent's appeal is denied and dismissed and the decree appealed from is affirmed, except that it shall be modified as above stated. On March 5, 1941, the parties may present to this court a form of decree, modified in accordance with this opinion, for entry in the superior court.

*Benjamin Cianciarulo,* for complainant.

*J. Raymond Dubee, M. Louis Abedon,* for respondent.